1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRACIE STILL,                          No.  1:11-cv-00637-NONE-EPG

12              Plaintiff,                   ORDER GRANTING MOTION FOR
                                            ATTORNEY'S FEES
13        v.
                                            (ECF No. 26)
14   COMMISSIONER OF SOCIAL
     SECURITY,                              ORDER SEALING DOCKET NUMBERS 26-2
15                                          AND 26-3 AND REQUIRING COUNSEL TO
                Defendant.                  RE-FILE SUCH DOCUMENTS WITH
16                                          PROPER REDACTION

17

18        Sengthiene Bosavanh ("Counsel") of the Offices of Jeffrey Milam Law, attorney for

19   Tracie Still ("Plaintiff"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) on

20   November 16, 2015. (ECF No. 26). Plaintiff was served with the motion. (ECF No. 26-5).

21   Plaintiff has not filed any opposition to the motion. The Commissioner filed a response to the

22   motion on November 20, 2015 and indicated that it has no opposition to the motion. (ECF No.

23   27).  On March 3, 2021, this case was reassigned and changed from case number 1:11-cv-00637-

24   LJO-DLB to 1:11-cv-00637-NONE-EPG.

25        For the reasons set forth below, the motion for attorney's fees is granted. In addition, as

26   set forth below, the Court seals certain documents that contain Plaintiff's full Social-Security

27   number and requires Plaintiff's counsel to re-file such documents with the proper redaction.

28   ///

                                            1

1   **I.      BACKGROUND**

2          On April 11, 2011, Plaintiff commenced this action for judicial review of a final denial of

3   an application for disability benefits under the Social Security Act by the Commissioner of the

4   Social Security Administration. (ECF No. 1). On March 12, 2012, the Court entered an order

5   granting Plaintiff's appeal and remanding the action to the Commissioner. (ECF No. 21). On July

6   10, 2012, the Court entered an award of $5,500 for attorney fees under the Equal Access to

7   Justice Act ("EAJA"). (ECF No. 25).

8          On July 30, 2015, Plaintiff received a fully favorable award from the Commissioner. (ECF

9   No. 26-2). In October 2015,[1] the Commissioner informed Plaintiff that it was withholding

10   $16,861 from her past-due benefits "in case we need to pay your lawyer," and indicated that that

11   amount constituted 25% of Plaintiff's past-due benefits. (ECF No. 26-3 at 3).

12          On November 16, 2015, Counsel filed a motion for attorneys' fees. The motion seeks

13   $16,861 in attorneys' fees under 42 U.S.C. § 406(b) and an order for Counsel to release to

14   Plaintiff $5,500 in fees previously received under the Equal Access to Justice Act. (ECF No. 26).

15   Counsel contends these fees are reasonable against the 40.3 hours of work conducted under the

16   contingency fee agreement, which permits Counsel to retain 25% of the past-due benefits.

17   **II.     DISCUSSION**

18          **A.      Motion for Attorney's Fees**

19          Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in

20   which they have successfully represented social security claimants.  Section 406(b) provides the

21   following in relevant part:

22          Whenever a court renders a judgment favorable to a claimant under this
23          subchapter who was represented before the court by an attorney, the court may
          determine and allow as part of its judgment a reasonable fee for such
24          representation, *not in excess of 25 percent of the total of the past-due benefits to*
          *which the claimant is entitled* by reason of such judgment, and the Commissioner
25          of Social Security may . . . certify the amount of such fee for payment to such
          attorney out of, and not in addition to, the amount of such past-due benefits.
26

27   42 U.S.C.A. § 406(b)(1)(A) (West 2015) (emphasis added). "In contrast to fees awarded under

28   _____
[1] The exact date is unreadable. (ECF No. 26-3 at 1).

1   fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-

2   due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586

3   F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. at 789, 802

4   (2002)).  However, the Commissioner has standing to challenge the award, despite the fact that

5   the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of

6   Health & Human Servs*., 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in

7   Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate

8   incentive to represent claimants while ensuring that the usually meager disability benefits

9   received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated

10  on other grounds in Gisbrecht*, 535 U.S. at 807.

11          The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts

12  are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section

13  406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section

14  406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within

15  the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought

16  is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding

17  that Section 406(b) "does not specify how courts should determine whether a requested fee is

18  reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits

19  awarded").

20          Generally, "a district court charged with determining a reasonable fee award under §

21  406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'. . . 'looking

22  first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at

23  1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

24  several factors that may be considered in determining whether a fee award under a contingent-fee

25  agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

26  representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

27  dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

28  benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

1  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

2  cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

3    Here, Plaintiff entered into a fee agreement that provides for attorney's fees in the amount

4  of 25% of the past-due benefits. (ECF No. 26-1).  The Court has considered Counsel's

5  representation of Plaintiff and the results achieved by counsel.  Counsel indicates Counsel

6  expended a total of 40.3 hours litigating Plaintiff's case. (ECF No. 26-4 at 2-4). This represents an

7  hourly rate of $418.39. There is no indication that a reduction of the award is warranted due to

8  any substandard performance by counsel in this matter.  Counsel is an experienced attorney who

9  secured a successful result for Plaintiff.  There is also no evidence that counsel engaged in any

10 dilatory conduct resulting in excessive delay.  Thus, the requested fee amount is not excessive in

11 relation to the past-due award.  *See generally, Shepard v. Comm'n of Social Security,* No. 1:14-

12 cv-1166 SMS, 2016 WL 3549261 (E.D. Cal. June 29, 2016) (granting $17,125.00 pursuant to

13 Section 406(b)); *Schneider v. The Comm'n of Soc. Sec.*, No. 14-cv-00034 SKO, 2016 WL

14 2654228 (E.D. Cal., May 10, 2016) (granting $10,253.96); *Whiteside v. The Comm'n of Soc. Sec.,*

15 No. 1:13-cv-1337-BAM, 2015 WL 36545054 (E.D. Cal., June 11, 2015) (granting $6,000.00).  In

16 making this determination, the Court recognizes the contingent-fee nature of this case and

17 counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v.*

18 *Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal.2003) ("Because attorneys [] contend with a

19 substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases

20 does not provide a basis for this court to lower the fee to avoid a windfall.").

21   Counsel received $5,500 in EAJA fees previously. An award of § 406(b) fees must be

22 offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412;

23 *Gisbrecht*, 535 U.S. at 796. Counsel was previously awarded $5,500 in fees pursuant to the

24 EAJA; as such, the § 406(b) award will be offset by $5,500.

25   **B.**  **Sealing and Re-Filing Certain Papers**

26   Under Federal Rule of Civil Procedure 5.2(a), only the last four digits of a Social-Security

27 number may be visible in filings. Fed. R. Civ. P. 5.2(a) (West 2015) ("Unless the court orders

28 otherwise, in an electronic or paper filing with the court that contains an individual's social-

security number . . . the filing may include only: (1) the last four digits of the social-security number . . .").  Plaintiff's full Social-Security number is shown on almost every page of docket number 26-2 and on every page of docket number 26-3.  As such, the Court will seal those documents and Counsel shall re-file such sealed documents in compliance with Federal Rule of Civil Procedure 5.2(a).

## III.    CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.   The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of $16,861, (ECF  No. 26), is GRANTED;

2.   Counsel is ordered to reimburse Plaintiff $5,500 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3.    Counsel is directed to send a copy of this order to Plaintiff;

4.   The Clerk of Court is directed to SEAL docket numbers 26-2 and 26-3; and

5.   Within thirty days of the date of this Order, Counsel shall re-file such sealed documents, and such filings shall comply with Federal Rule of Civil Procedure 5.2(a).

IT IS SO ORDERED.

Dated:   __**March 23, 2021**__          _____/s/ _Erica P. Grosjean_____

UNITED STATES MAGISTRATE JUDGE